State of Kansas

# UNITED STATES DISTRICT COURT

## IN AND FOR THE STATE OF KANSAS

**FILED**

MAR - 8 2016

Clerk, U.S. District Court
By:_____Deputy Clerk

| | |
|---|---|
| Guy Neighbors, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| State of Kansas, Marietta Parker, | ) |
| Terra Morehead, Chris Oakley, | ) |
| Postal Inspector Davis Nitz, | ) |
| Postal Inspector Osborne,     ) | |
| IRS- Ron Jackson, et al, | ) |
| | ) |
| Defendants. | ) |

Case # 16-4023-DDC-KGS

## TABLE OF CONTENTS

## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C §1985

| **Page Number** | | **Title** |
|---|---|---|
| 1 | ............................................. | Caption and Heading |
| | | Statement of Jurisdiction |
| | | Description of Claim |
| 2, 3 | ............................................. | History of Events |
| 3-13 | ............................................. | Narrative History of Each Indictment |
| 14-18 | ............................................. | Counts Against Defendants |
| 18-20 | ............................................. | Argument |
| 20 | ............................................. | Prayer For Relief |
| | | Plaintiff Declaration |

UNITED STATES DISTRICT COURT

IN AND FOR THE STATE OF KANSAS

Guy Neighbors,              )
                        )
        Plaintiff,         )
                        )
v.                     )
                        )
                        )     Case # _____
State of Kansas,  Marietta Parker,  )
Terra Morehead, Chris Oakley,    )
Postal Inspector Davis Nitz,      )
Postal Inspector Osborne,     )
IRS- Ron Jackson, et al,       )
                        )
        Defendants.     )
_____/

## CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C §1985

COMES Now, Guy Neighbors, Pro Se, a resident of the State of Kansas, files the instant

cause under 42 U.S.C §1985, and alleges that Defendant(s) were/are citizens of the State of

Kansas and acted under color of Federal Law, and violated the Petitioner's Constitutional

Rights. Petitioner will establish a wanton disregard for Petitioner's Constitutional Rights and

will make a showing of continuous attempts to strip him of his rights; To Wit: Freedom of

Speech, Equal Protection, Search & Seizure Protections, Unlawful Restraint, Deprivation of

Due Process, and others. This case grows out of actions taken by various governmental

departments and individuals acting under color of Federal law, commencing in the year 2006.

Petitioner will show this court that the Federal defendants relied on State issued Search

Warrants to build their case all in violation of Federal/State jurisdictional protocols.

-1-

## HISTORY OF EVENTS

1). December 12, 2006: Case #06-20171-cm; One count indictment citing: 18 U.S.C. 922(g)(3) and 924(a) "Unlawful user with Firearms". May 4, 2007, Indictment withdrawn by Government with 2 days left on Speedy trial Act time limitations.

2). June 20, 2007: Case #07-20073-01/01-JWL; citing 18 U.S.C. 922(g)(3) and 924(a)(2) Count 2, and 2 Counts under Title 21 U.S.C. 841(a)(1) and (b)(1)(D) and 18 USC sec. 2; Knowingly and Intentionally Manufacturing Marijuana. November 16, 2007 Case # 07-20073-01/01-JWL, the District Court Dismissed Counts 1 and 2 citing a Speedy Trial Act violation. April 16, 2012: Remaining 2 Counts on Indictment (20073-01/01-JWL) Dismissed citing second Speedy Trial Act Violation.

3). September 13, 2007: Case #07-20124-cm-jpo; Document 1 Indictment citing 18 U.S.C. 1343 Wire Fraud, 18 U.S.C. 1341 Mail Fraud, 18 U.S.C. 1956, Money Laundering (a)(1)(A)(I) and (2). I. FORFEITURE UPON CONVICTION PURSUANT TO: 18 USC 982(a)(1) [which is not a forfeiture statute] and II. WIRE FRAUD FORFEITURE: Pursuant to 18 U.S.C. sec. 981(a)(1)© and 28 U.S.C. sec. 2461(c).

4). February 27, 2008: Superseding Indictment Document 38: Case No. 07-201248-cm-jpo; this indictment deletes count 20.

5). June 18, 2008: Second Superseding indictment, Doc. 93: Case No. 07-201240-cm-jpo. This Indictment adds the previously deleted Count 20, not based on new evidence, changes the element of Money Laundering to "Profits". May 19, 2014: Document 681: Indictment

Dismissed with Prejudice citing Due Process Violation-Speedy Trial Act.

6). August 8, 2008: Case No. 08-mj-077-01-jpo: citing Obstruction of Justice 18 U.S.C. 1512©.

August 18, 2008: Dismissed by court citing "an absence of an essential element".

7). August 20, 2008: Case No. 2:08-cr-20105: Citing 18 U.S.C. 1512©, Obstruction of Justice

Indictment. March 6, 2014: Indictment Dismissed with Prejudice. No federal Proceeding had

been obstructed "there was an absence of Essential element.

## Narrative History of Each Indictment

1) Two State issued Search Warrants executed on December 2, 2005 and Two Federal

Search Warrant obtained by Postal Inspector David Nitz on July 7, 2006.

2). March 06, 2006, Petitioner is informed by witnesses that LKPD officers John Jay Bialek and

Micky Rantz are *impersonating FBI agents* during the course of the investigation.

3). April 2006, Defense Attorney Sarah Swain hires private investigator Cecilia Woods to

investigate the complaints and document interviews with witnesses.

4). April 20, 2006, Defense Attorney Sarah Swain communicates her concerns in emails to the

police dept. that 2 Lawrence Police Officers Micky Rantz and John Jay Bialek are violating

federal law during the course of the investigation. Ron Olin responds in the April 20th letter that

they are not going to reveal the identity of the federal agents in the case, and that he has

forwarded the complaint to AUSA Marietta Parker.

5). June 2006, AUSA Marietta Parker directs Special Agent Bob Schaefer (interfering with the

Topeka FBI to investigate the matter under their jurisdiction) to act outside of his jurisdiction (which he testified is the Western District of Missouri) to conduct an investigation into the allegations and report back to her.

6). July 7, 2006, FBI Special Agent Bob Schaefer refuses to take phone calls from Swain, he refuses to meet with the private investigator, Absent any interviews, or documentation review, Bob Schaefer through FBI spokesman Jeff Lanza announces to the media he has "cleared the Police of the impersonation allegation." The same day, AUSA Marietta Parker has the Postal Inspector's office, assisted by Lawrence Police and the Internal Revenue Service, Serve two more federal warrants on Neighbors home and business. Even though there was *no probable cause*, and there had been no new incidents.

7). December 12, 2006, Case No. 06-20171-cm: Neighbors is falsely indicted and arrested *without probable cause*, for being an "Unlawful User with Firearms" by the Postal Service and Internal Revenue Service. He and his wife Carrie Neighbors are placed in a holding cell at the Department of Justice and held for 8 hours without food. Other prisoners in the same cells were fed twice in the same time period. Marietta Parker told Neighbors and their attorney Swain "they brought this on themselves for accusing her boys of the FBI impersonations."

Lack of Essential Element and Probable Cause: Citing 27 C.F.R. section 478.11 which states: "Unlawful User of or addicted to any controlled substance...[to define user] eg., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year." Neighbors had no criminal history, no prior

convictions or arrests, and he had never failed or submitted to a drug test prior to his arrest. The government lacked *Probable Cause* and an essential element to arrest, indict or convict Neighbors under this statute.

8). May 4, 2007, Government files Motion to Dismiss Indictment 06-20171-CM with 2 days left on the Speedy Trial clock. They falsely allege there is "additional evidence discovered during the ongoing investigation.

9). May 10, 2007, Judge sustained the Motion, Dismissing the indictment without prejudice.

10.) June 20, 2007, absent any new incidents or evidence, Neighbors is served a Four Count Indictment: Case #07-20073-01/01 JWL. The first (2 counts) are the original counts from case 07-20171-cm with 2 additional counts of knowingly and intentionally manufacturing marijuana. This superseding indictment is presented as a new case by the government in a strategic move to *circumvent* the Speedy Trial Act.

On June 25, 2007, Neighbors is again arrested at his home for being an Unlawful User by the Postal Inspectors, led by David Nitz and IRS Agents led by Robert Jackson. Neighbors is not given the opportunity to self-surrender even though he already has appointed counsel. The case is assigned a new case number and new judge. The government continued to prosecute the remaining charges even after the KBI Lab report tests came back *"negative for any THC"* in the degraded junk the government called "evidence of drugs" that was seized from Neighbors home.

11). FROM 2006-2008 Neighbors is hit with a barrage of frivolous search warrants and arrests

lacking Probable Cause:

Monday, May 8, 2006, five Lawrence police officers J. Rozell, T. Haak, J. Bialek, A. Heffley and Sgt. Monroe serve a state issued search warrant on Neighbors business after the Neighbors had already provided a statement and turned over all information and paperwork relating to a $30.00 air compressor that was allegedly stolen and sold to Neighbors business.

June 25, 2007, 8am, Postal Inspector David Nitz and his assistant along with IRS Agents Robert Jackson and Osborne, LKPD police officers Matt Sarna and Eric Barkley, serve a federal arrest warrant on Neighbors at his home for being an Unlawful User with Firearms. During the arrest, several Incident Searches were executed. One sweep search including the basement by Sarna and Barkley, and then a second search by Agent Jackson which included kitchen cabinets, Neighbors bedroom, dressers, Office space including the desk, and enclosed storage area. Agent Osborne searched Mrs. Neighbors purse even though Ms. Neighbors was not allowed to bring her purse, cell phone or money with her. The Neighbors were stripped of their shoe laces and belts, and transported to the Department of Justice in Kansas City, Kansas by the Postal Inspector David Nitz in handcuffs. The Postal Inspector laughed and informed the Neighbors this was a one way ride. After sitting in a cell all day, Neighbors was released at 6pm with no money, vehicle, no contact with family and no way home.

12). July 2006: Neighbors, along with his attorney Sarah Swain, is invited by officer to come down to the police station for return of some of the seized property. Also in attendance that day was several uniformed officers and City of Lawrence Attorney Jerry Cooley. It was discovered during this meeting that certain items including at least 3 laptops were missing from the property room.

13). October 19, 2006: Officers Bialek and Rantz stopped in the Yellow House store to question Mrs. Neighbors without her attorney present. They brought along a Sony Cyber-Shot DSC-p200 7.2 MP digital camera that they claimed was seized during the execution of the warrants but never logged into the evidence room.

14). December 14, 2006: Neighbors files a formal complaint with Internal Affairs Sgt. Dan Ward alleging various acts of police misconduct, theft of his seized property, and mishandling of evidence.

15). July 9, 2007, Guy Neighbors files a complaint against Jerry Cooley via registered mail #RB430852657US alleging a failure to investigate the seized evidence missing from the LKPD property room.

16). July 8, 2007: Guy Neighbors filed a complaint (Registered mail # 700702200003015186) with Internal Affairs for Obstruction of Justice for failure to properly investigate his December 14, 2006 Police Misconduct complaint.

17). September 13, 2007: Government files its 3rd Indictment against Neighbors: Case No. 2:07-cr-20124-CM-JPO-2 Citing Money Laundering, Mail Fraud and Wire Fraud.

18) September 27, 2007: Government places illegal Lis Pendens against Neighbors residential property at 1104 Andover, Lawrence Kansas, and business property at 1904 Massachusetts, Lawrence, Ks. with the Douglas County Register of Deeds. No Certificate of Service was attached to the Lis Pendens, no Notification was ever served on Neighbors or his counsel as required by State law. Nothing was entered on the Federal Court Docket regarding the Lis

Pendens.

19). February 25, 2008: Document 37: Counsel for Carrie Neighbors files a Motion to Release the Lis Pendens which was discovered at the closing of the sale of the residential property, thus blocking the sale. The court ordered the defense to submit a proposed order. See document 40.

20). February 27, 2008: Document 38: The AUSA Marietta Parker quickly files a Superseding Indictment adding count 20s to Guy Neighbors charges and changing the fraudulent Lis Pendens to an "Amended Lis Pendens" forfeiture.( However something procured in fraud cannot be amended).  See Document 44: Notice of Lis Pendens filed March 6, 2008.

21). May 01, 2008: AUSA Marietta Parker files "Motion To Revoke Bond". Document 65-66. The Motion includes exhibits of Guy Neighbors internet Blog. (Exhibit 8g) specifically shows the editing icons which only appear to a logged in user that has made changes to the blog. (See page 4 of 4). Parker served a Subpoena on Neighbors internet provider Sunflower Cable and obtained his user name and passwords for all his internet accounts. Using this information, Marietta Parker edited the blog, then inadvertently printed the pages off prior to logging out. This act constitutes *manufacturing and submission of false evidence* and violates the Federal Computer Fraud and Abuse act.

22). June 02, 2008: Document 89: Neighbors notified his legal counsel, Cheryl Pilate, of the issues with the governments Motion in re 65. Counsel files Motion to Continue and assures Neighbors it will be taken care of.

23). June 02, 2008: Document 90: Magistrate Judge David J. Waxse sets Defendant's

response to Document 65 Motion To Revoke Bond due on 6/23/08. Bond Revocation hearing set for 7/15/2008.

24). June 18, 2008 Document 93: Without Probable Cause or any new incidents, AUSA Marietta Parker files Second Superseding Indictment. Charging the same counts as the first indictment but redacting Count 20s, adding "profits" in light of the recent Supreme Court decision in U.S. v. Santos, 533 U.S. 507 (June 2, 08).

25). July 18, 2008: Document 104: Arraignment hearing on the Second Superseding Indictment held before Magistrate Judge James P. O'Hara. Motion to Revoke Bond In Re-65 hearing continued to 7/21/08.

26). July 21, 2008: Document 101: In camera hearing held before Magistrate Judge James P. O'Hara regarding Motion to Revoke Bond (Document 65). Neighbors was not allowed to attend the hearing in violation of his right to confront witnesses and testify.

27). July 23, 2008: Document 107: Telephone Conference hearing (counsel only) before Judge James P. O'hara regarding the Motion to Revoke Bond Re-65.

28). July 30, 2008: Document 117: Order by Magistrate Judge O'Hara denying as Moot without prejudice Document 65 Motion To Revoke Bond.

29). August 8, 2008: Case # 2:08-Mj-08077-JPO: Neighbors is falsely arrested in a Federal Arrest Warrant signed by Judge O'hara, obtained by Postal Inspector David Nitz (acting outside of his jurisdiction over the U.S. Mail) at the direction of Marietta Parker and held in the

Douglas County Jail. Parker files Criminal Complaint for "Obstruction of Justice". The case was filed without presentment to a grand jury. (see doc. 24 pg. 120 lines 9-12). The obstruction case originated when Carrie Neighbors unknowingly purchased a stolen computer from a customer at the Lawrence store. The original owner saw it advertised and called police. Mrs. Neighbors returned the computer to the police and provided them with the sellers form. *This incident did not involve Guy Neighbors or the United States Mail.*

30). August 12, 2008: Document 128: AUSA Marietta Parker files Motion to Revoke Bond. As to Guy Neighbors ("second motion"). Case 2:07-cr-20124-cm.

31). August 11, 2008: Neighbors picked up from the county jail and is illegally transported (designated as a federal prisoner in custody 4 days) by the arresting officer Postal Inspector David Nitz without benefit legal counsel, to the Department of Justice in Kansas City. August 11, 2008: Document 10: Obstruction Case: Neighbors remanded to Federal Detention Center in Leavenworth Kansas.

32). August 13, 2008: Document 20: Obstruction Case: Warrant for Arrest of Guy Neighbors executed 8/08/08.

33). August 15, 2008: Document 23: Joint Motion to Dismiss on failure to establish Probable Cause. No "Official Proceeding" was pending, thus there was an absence of an essential element under 18 USC 1512©.

34). August 18, 2008: Document 27: Joint motion dismissed with prejudice, governments (8) motions for detention denied. *It was established no obstruction of an official proceeding took*

*place. Neighbors was released on the stipulation he sign an agreement not to blog or discuss his case on the internet, and he agree to undergo a mental evaluation.*

35). August 20, 2008: Case No. 2:08-cr-20105-cm-jpo document 28: AUSA Marietta Parker files 1 count indictment for Obstruction Of Justice Title 18 USC 1512© based on the same incident that was dismissed. Absent Probable Cause.

36). September 22, 2008: Document 31: Arraignment/Discovery hearing on Obstruction indictment Case # 20105-cm-jpo.

37). September 25, 2008: Document 34: AUSA Marietta Parker files Motion to Revoke Bond as to Guy Neighbors.

38). October 29, 2008: Document 147 Case # 20124-cm (Doc. 34 Obstruction case): Magistrate Judge O'hara denies Motion to Revoke Bond re-34.

39). April 27, 2009: Document 165 Case # 20124: Motion to Revoke Bond by Marietta Parker as to Guy Neighbors. USA alleges that Neighbors sent an email to the FBI requesting an investigation into the prosecutorial misconduct in the prosecution of his case.

40). April 27, 2009: Doc. 164: Neighbors Legal Counsel has had enough and responds to the Motion For Revocation with a Motion to Withdraw as attorney. May 11, 2009: Doc. 170: Motion to Withdraw denied.

41) May 20, 2009: Document 174: Motion before Judge O'hara, for pretrial detention granted

(on ground he sent the email) as to guy Neighbors.

42). May 21, 2009: Document 175: Order of Detention as to Guy Neighbors.


43). June 1, 2009: Document 176: Neighbors counsel files Motion For Order For Reinstatement of pretrial release. August 7, 2009 Document 199: (day of hearing) Counsel files Notice of Withdrawal of 176 Motion for Reinstatement of Pretrial Release, claiming that the motion will piss off the judge and make him rule against Neighbors in the other pending motions.


44). August 10, 2009: Document 204: (Neighbors has maxed out the time for the contempt of court charge and is about to be released). AUSA Parker files Motion For Order Mental Exam as to Guy Neighbors.


45) August 11, 2009: Document 206: Court grants Motion and Neighbors is sent to a Federal Prison in Colorado.


46). December 8, 2009: Document 219: Neighbors is transferred from Federal Prison to the federal detention center in Leavenworth Kansas, for competency hearing. The exam in Colorado comes back inconclusive. The court finds Neighbors incompetent and orders further evaluation.


47). December 9, 2009: Document 220: Order for Mental Exam. Neighbors is shipped off to Federal Prison in Butner North Carolina.


48). June 23, 2010: Document 247: Competency hearing. Doctor Lucking in North Carolina

prison finds Neighbors incompetent in a bogus report that includes a finding that Neighbors Wife is also incompetent based on monitored phone calls and intercepted letters. The doctor recommends Neighbors be submitted to involuntary medication treatment.

49). July 28, 2010: Document 315: Competency hearing. Defendant remanded to custody without completed Sell Hearing. Neighbors returned to detention center in Leavenworth. Then shipped back to Federal Prison in Butner North Carolina.

50). August 9, 2010: Document 329: Neighbors files interlocutory Notice of Appeal (pro se) to Appeal the forced medication and continued detention based on the fraudulent mental evaluation.

51). August 10, 2010: Document 337: Appeal Docketed in 10CCA: Appeal No. 10-3202

52). August 12, 2010: Document 341: Order by District Judge Carlos Murguia certifying appeal as frivolous.

53). September 22, 2010: Document 382: Order of 10CCA as to Guy Neighbors: Notice of Appeal by Appellant Guy Neighbors...is Granted. Neighbors is appointed appellate counsel on September 27, 2010, document 394

54). November 2, 2010: Document 403: Order of 10CCA Appointment of Substitute counsel to assist with appeals granted.

*Neighbors is found competent and released from prison.*

55). May 19, 2014: document 681: Indictment case no. 20124-cr-cm dismissed with prejudice.

**All cases are dismissed**

## Counts Against Defendants

### *As to Defendants Marietta Parker and Terra Morehead:*

*Count One:* Malfeasance, Violating Petitioner's Constitutional Rights of protection against Unreasonable Searches, Due Process and Unlawful Restraint. Through evidence and testimony, Petitioner will show this court how AUSA Parker and Terra Morehead promulgated Federal Criminal and/or Civil Cases without Probable Cause, and with nefarious intent, instigated and relied on State of Kansas issued Search Warrants to build a case. There are numerous Jurisdictional issues concerning warrants and execution thereof via co-mingling of law enforcement personnel in this case.

*Count Two:* Freedom of Speech Violations, Loss of Liberty, Forced Medication. Defendant Parker had Petitioner Neighbors sign an agreement to limit his Right To Free Speech through the use of "Coercion" and "Duress". Petitioner was told that if he did not sign the agreement, he would not be set free. Defendant Parker and Terra Morehead then moved the court to take Neighbors into custody in order to evaluate his mental competency. There was no probable cause for this action, it was part of a scheme to deprive Neighbors of his rights of redress. In violation of the Supreme Court's ruling in the "Sell" case, Defendant Parker moved the court to order forced medication on Neighbors lacking the requisite showing to support same.

*Count Three:* Retaliation, Malfeasance, Violating Petitioner's Constitutional Rights of protection against Unreasonable Searches, Due Process and Unlawful Restraint. Defendants Parker and Terra Morehead has Neighbors falsely indicted and arrested without probable cause, for being an "Unlawful User With Firearms", by the Postal Service and Internal Revenue Service. He and his wife Carrie Neighbors are placed in a holding cell at the Department of Justice and held for 8 hours without food. Other prisoners in the same cells

were fed twice in the same time period. Marietta Parker told Neighbors and their attorney Swain, "They brought this on themselves for accusing her boys of the FBI impersonations."

Lack of Essential Element and Probable Cause: Citing 27 C.F.R. section 478.11 which states: "Unlawful User of or addicted to any controlled substance...[to define user] eg., a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year." Neighbors had no criminal history, no prior convictions or arrests, and he had never failed or submitted to a drug test prior to his arrest. The government lacked probably cause and an essential element to arrest, indict or convict Neighbors under this statute.

*Count Four:* Retaliation, Malfeasance, Violating Petitioner's Constitutional Rights of protection against Unreasonable Searches, Due Process and Unlawful Restraint. Defendants Parker and Terra Morehead placed illegal Lis Pendens against Neighbors residential property at 1104 Andover, Lawrence Kansas, and business property at 1904 Massachusetts, Lawrence, Ks. with the Douglas County Register of Deeds. No Certificate of Service was attached to the Lis Pendens, no notification was ever served on Neighbors or his counsel as required by law. Nothing was entered on the Federal Court Docket regarding the Lis Pendens. The action was to have Neighbors properties forfeited as fruits of a crime, yet nothing was ever adjudicated to support this attempted Lis Pendans proceeding. It was eventually dismissed after blocking Neighbors from selling the property before his bond was revoked. The lien on the business property remained in place and blocked Neighbors, from selling that property after he was released and all the charges were dismissed.

*Count Five:* Malfeasance, Retaliation for Petitioner exercising Rights of Free Speech, manufacturing and submission of false evidence in violation of the Federal Computer Fraud

and Abuse Act. AUSA Marietta Parker files "Motion To Revoke Bond". Document 65-66. The Motion includes exhibits of Guy Neighbors internet Blog. Exhibit 8g specifically shows the editing icons which only appear to a logged in user that has made changes to the blog. Parker served a subpoena on Neighbors internet provider, Sunflower Cable and obtained his user name and passwords for all his internet accounts. Using this information, Marietta Parker edited the Blog, then inadvertently printed the pages off prior to logging out.

*Count Six:* Malfeasance, Retaliation, Fraudulent Prosecution, Deprivation of Due Process Rights, et al. At the direction of Marietta Parker, Neighbors is falsely arrested in a Federal criminal Complaint for "Obstruction of Justice". The case was filed without presentment to a grand jury. The obstruction case originated when Petitioner's wife, Carrie Neighbors, unknowingly purchased a stolen computer from a customer at their Lawrence, Kansas, store. The original owner saw it advertised and called police. Mrs. Neighbors returned the computer to the police and provided them with the sellers information, as well as information on other item that customer sold to the business. This incident did not involve Guy Neighbors or the United States Mail. The Arrest Warrant was signed by Judge O'hara, and obtained by Postal Inspector David Nitz, while acting outside of his jurisdiction over the US Mail. There was no evidence or nexus to support probable cause against Guy Neighbors.

*Count Seven:* Malfeasance, Retaliation, Fraudulent Prosecution, Deprivation of Due Process Rights, et al. AUSA Marietta Parker files Motion to Revoke Bond, as to Guy Neighbors ("second motion"). case 2:07-cr-20124-cm. To be held on the warrant for "Obstruction of Justice, even though no "Official Proceeding" was pending, thus there was an absence of an essential element under 18 USC 1512(c). Neighbors is picked up from the county jail and is illegally transported, and designated as a federal prisoner, in custody only 4 days and never convicted of a crime, by the arresting officer Postal Inspector David Nitz without benefit legal counsel, to the Department of Justice in Kansas City.

Neighbors is remanded to Federal Detention Center in Leavenworth Kansas, and deprived of his liberty. Motion <u>dismissed</u> with prejudice, governments (8) motions for detention denied. It was established no obstruction of an official proceeding took place. Neighbors was coerced under duress that in order to be freed, and released, he must stipulate that he will sign an agreement not to blog or discuss his case on the internet, and he agrees to undergo a mental evaluation.

*Count Eight:* Malfeasance, Retaliation, Fraudulent Prosecution, Deprivation of Due Process Rights, Abuse of Power, et al. AUSA Marietta Parker files 1 count indictment for Obstruction Of Justice Title 18 USC 1512(c) based on the same incident that was dismissed. Absent probable cause. This court can see a pattern of retaliation and abuse of power. AUSA Marietta Parker then files Motion to Revoke Bond as to Guy Neighbors. October 29, 2008: Case No. 20124-cm Magistrate Judge O'hara denies Motion to Revoke Bond re-34. April 27, 2009: Case no. 20124: as an act of retaliation, a new Motion to Revoke Bond by is filed by Marietta Parker as to Guy Neighbors. USA alleges that Neighbors sent an email to the FBI requesting an investigation into the prosecutorial misconduct in the prosecution of his case. Motion before Judge O'hara, for pretrial detention granted on ground he sent the email, as to guy Neighbors. May 21, 2009:  Order of Detention as to Guy Neighbors granted.

*Count Nine:* Malfeasance, Retaliation, Fraudulent Prosecution, Deprivation of Due Process Rights, Abuse of Power, et al. August 10, 2009: Neighbors has maxed out the time for the contempt of court charge and is about to be released. AUSA Parker files Motion For Order Mental Exam as to Guy Neighbors. Note that all of these prosecutorials retaliations are in connection with the Petitioner exercising his right of free speech and to seek redress in a court of law. August 11, 2009: Court grants Motion and Neighbors is sent to a federal Prison in Colorado.

**As to Defendant Postal inspectors Davis Nitz and Osborn:**

*Count One:* Malfeasance, Abuse of Power, Fourth Amendment Violation, Co-Mingling Execution of Search Warrants. Due Process Violations. False Arrest by securing search warrants lacking probable cause and using evidence from improper execution of State of Kansas Search Warrants for Federal Case. Jurisdiction to execute State warrants was lacking. Improper Return of Warrants. Providing "Stale" information to establish probable cause to secure a Federal and/or State search warrant.

**As to Defendant IRS Agent Robert Jackson:**

*Count One:* Malfeasance, Abuse of Power: Providing "Stale" information to establish probable cause to secure a Federal and/or State search warrant. Fourth Amendment Violation, Co-Mingling Execution of Search Warrants. Due Process Violations. False Arrest by securing search warrants lacking probable cause and using evidence from improper execution of State of Kansas Search Warrants for Federal Case. Jurisdiction to execute State warrants was lacking. Improper Return of Warrants.


**ARGUMENT**

*As to Defendants Marietta Parker and Terra Morehead:*

Seldom is such a disregard for the constitutional rights of an American citizen by an Assistant U.S. Attorney been on display as in the instant cause. The mere fact that all of the cases were ultimately dismissed shows the lack of merit of the indictments. The Petitioner was active in the State of Kansas exposing improper actions by law enforcement personnel. Petitioner and his wife are a Bi-Racial couple and were the subject of harassment at a local law enforcement level.

In the instant cause, evidence of probable cause was never revealed during Discovery,

and proper Grand Jury Indictments were never sought. Case after case were filed against the Petitioner all in an effort to prevent him from seeking justice in all of his cases. The two Federal Prosecutors were outraged at the Petitioners allegations of Lawrence Police Officers posing as Federal Agents to gather evidence in petty cases aginst him. They wanted to teach Neighbors a lesson.

The governments actions to file improper Lis Pendans on Neighbors properties, even though there were no convictions, is evidence of their "zeal" to convict. Prosecutorial misconduct is personified in this case. They forced Neighbors to surrender his constitutional rights of Free Speech under threat of continued confinement. When Neighbors tried to exercise his right to notify the public of his plight, Prosecutors had him taken into custody and shipped to Federal Prisons and forced to undergo psychological evaluations by one single government hired psychologist. They even tried to have Neighbors forcefully medicated, all for what? For speaking his mind.

In Guy Neighbors, we have a rare individual who will not be "bullied" by the government. This has subjected him to over zealous prosecutors who would log into his internet accounts and "alter" information, yet not savvy enough to do so without leaving a trail of evidence. A reading of the History of the case does not show prosecutors who simply were trying to do their job, it shows "prosecutorial overreach" and "retaliatory" steps against the Petitioner. When cases were dismissed, or speedy trial dates were coming close, they simply refiled cases to circumvent the rules.

Federal and State Search Warrants were executed simultaneously. Some of these were secured using "stale" information that was 3 years old, while others described property that clearly could only have been observed prior to obtaining the warrant. There are search warrants that were issued at 1:30pm, but the police searched the house at 10:00am. Discovery in this case will support these allegations.

*As to Defendants Postal Inspectors Davis Nitz and Osborn, IRS Agent Robert Jackson:*

Here we have two Defendants who willingly exceeded their authority in the execution of a Federal Arrest Warrant. Several incident searches were conducted, and they were not limited to the area under immediate control by the Petitioner. In fact, these warrantless searches included kitchen cabinets, Petitioner's bedroom, dressers, office space including the desk, and an enclosed storage area. All in violation of Neighbor's Fourth Amendment Rights, and amounted to an abuse of power and Malfeasance. This Federal Arrest Warrant was executed along with Lawrence Kansas Police Officers who also took part in this multi-jurisdiction search of the premises.

**WHEREFORE**, Petitioner prays this Honorable Court to grant relief as enumerated below, all in accordance with applicable State & Federal Statutes, Codes and the U.S. Constitution.

*Compensatory Damages:* $250,000.00, or an amount deemed appropriate by this court.

*Punitive Damages:* $250,000.00, or an amount deemed appropriate by this court.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff/petitioner in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Executed at _____9:30_____ on ___2-28-16___ .

Signature _____Plaintiff/Petitioner

PRESS FIRMLY TO SEAL                    PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

 

U.S. POSTAGE
PAID
DOVER, FL
33527
MAR 01, 16
AMOUNT
$6.45

1006          66683          00127115-11

# PRIORITY
# ★ MAIL ★

FROM:

- 📅 DATE OF DELIVERY SPECIFIED*
- 📶 USPS TRACKING™ INCLUDED*
- $ INSURANCE INCLUDED*
- 🚚 PICKUP AVAILABLE

*Domestic only

RECEIVED
MAR ~ 2018
CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Guy Neighbors
9462 Swift creek cir
Dover FL, 33527

TO:

Federal Court Clerk
444 Quincy St # 490
Topeka, KS 66683

RECEIVED
MAR -8 2016
CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Expected Delivery Day: 03/04/16

USPS TRACKING NUMBER



9505 5112 7115 6061 5130 00

P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

