IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF KANSAS



JUL 11 2016

Clerk, U.S. District Court
By:_____Deputy Clerk

| | | |
|---|---|---|
| Guy Neighbors | ] | |
|     Plaintiff | ] | |
| | ] | Case # 15-4921 |
| LAWRENCE POLICE DEPT, et al, | ] | Case # 16-4023-DDC |
|     Defendant's | ] | Case# 5:16-CV-04065 |

## RESTRAINING ORDER/ INJUNCTION TO BLOCK THE STATE OF KANSAS FROM RECEIVING FEDERAL FUNDING DUE TO THEIR VIOLATION OF FEDERAL LAWS, PROTECTED CIVIL LIBERTIES, AND THE "ADMINISTRACTIVE PRODEDURES ACT OF 1946

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Comes Now Guy Neighbors, Persona I'm representing myself "in Propria Persona" (I'm my own person) or "pro-per" Qualified me as an attorney in fact, according to "Blacks Law Dictionary. By asserting my Sovereign Right to represent myself in legal matters establishes my status as my own attorney. To proceed in Pro Per, means that the court **cannot impose** the same **standard** up on me as are imposed on a licensed attorney. **This court will treat me as my own attorney, differently that it would treat me as the defendant,** and moves this court to Issue an Injunction and Restraining Order pursuant to Rule 65. (a) (b) (A), to Block the State of Kansas from receiving Federal funding due to the State of Kansas, violation of Neighbors, Civil Rights guaranteed under Federal laws, including a. the administrative procedures act b. other civil rights laws. See: Claim filed in the 3 civil cases pending at the present time in federal court.

### Office of Justice Programs:

As a condition for receiving funding from Office of Justice Programs (OJP), recipients must comply with applicable federal civil rights laws, including Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Title IX of the Education Amendments of

1972, the Age Discrimination Act of 1975, and the Justice Department's regulation for the Equal Treatment of Faith-Based Organizations. Depending on the funding source, a recipient must also comply with the nondiscrimination provisions within the applicable program statutes, which may include the Omnibus Crime Control and Safe Streets Act of 1968, the Victims of Crime Act, or the Juvenile Justice and Delinquency Prevention Act. Collectively, these federal laws prohibit a recipient of OJP funding from discriminating either in employment (subject to the exemption for certain faith-based organizations discussed below; see "Funding to Faith-based Organizations") or in the delivery of services or benefits on the basis of race, color, national origin, sex, religion, or disability. In addition, OJP recipients may not discriminate on the basis of age in the delivery of services or benefits.

Civil Rights Compliance and Requirements:

Compliance with Title VI of the Civil Rights Act of 1964, which prohibits recipients from discriminating on the basis of national origin in the delivery of services or benefits.

Civil Rights Compliance Specific to State Administering Agencies

All State Administering Agencies (SAAs) have a responsibility to monitor their sub- recipients to ensure that the sub-recipients are complying with the federal civil rights laws that are applicable to recipients of federal financial assistance. In accordance with 28 C.F.R. §§ 42.105(d)(2), 42.504(a), 42.725, and 54.115, SAAs must establish and implement written Methods of Administration for ensuring their sub-recipients' compliance with the prohibition against race, color, and national origin discrimination contained in Title VI of the Civil Rights Act (Title VI) of 1964, as amended, 42 U.S.C. § 2000d, and the Department of Justice (DOJ) regulations at 28 C.F.R. pt. 42, subpt. C; the prohibition against discrimination contained in Section 504 of the Rehabilitation Act (Section 504) of 1973, as amended, 29 U.S.C. § 794, and the DOJ regulations at 28 C.F.R. pt. 42, subpt. G; the prohibition against age discrimination contained in the Age Discrimination Act (Age Act) of 1975, as amended, 42 U.S.C. § 6102, and the DOJ regulations at 28 C.F.R. pt. 42, subpt. I; and the prohibition against sex discrimination in education programs contained in Title IX of the Education Amendments (Title IX) of 1972, as amended, 20 U.S.C. § 1681, and the DOJ regulations at 28 C.F.R. pt. 54. These Methods of Administration are the reasonable assurance that SAAs provide to the DOJ that they are ensuring

the civil rights compliance of their sub-recipients. The Office for Civil Rights will consider an SAA's expansion of its written Methods of Administration to include the prohibitions of nondiscrimination contained in the Omnibus Crime Control and Safe Streets Act (Safe Streets Act) of 1968, as amended, 42 U.S.C. § 3789d(c); the Juvenile Justice and Delinquency Prevention Act (JJDPA) of 1974, as amended, 42 U.S.C. § 5672(b); the Victims of Crime Act (VOCA) of 1984, as amended, 42 U.S.C. § 10604(e); the Violence Against Women Act (VAWA) of 1994, as amended, 42 U.S.C. § 13925(b)(13); and the DOJ regulation on the Equal Treatment for Faith-Based Organizations (Equal Treatment Regulation), 28 C.F.R. pt. 38, as strong evidence of the SAA's fulfillment of its responsibility to ensure sub-recipients' compliance with these laws. All the cited laws collectively prohibit discrimination based on race, color, national origin, disability, religion, sex, gender identity, and sexual orientation in both the delivery of services and employment practices. The Age Act also prohibits discrimination on the basis of age in the delivery of services or benefits.

The Methods of Administration, as required under Title VI, Section 504, the Age Act, and Title IX, or as expanded to address compliance, as applicable, with the nondiscrimination provisions of the Safe Streets Act, the JJDPA, VOCA, VAWA, and the Equal Treatment Regulation, must be in writing.

### 3.17 REMEDIES FOR NONCOMPLIANCE

If the Department of Justice (DOJ) grant-making component or pass-through entity finds that the award recipient or sub-recipient has failed to comply with Federal statutes, regulations, or the terms and conditions of an award, additional conditions may be imposed as described in 2 C.F.R. § 200.207. However, if it is determined that noncompliance cannot be remedied by imposing additional conditions, the DOJ grant-making or pass through entity may take one or more of the following actions under 2 C.F.R. § 200.338:

- Temporarily withhold cash payments pending correction of the deficiency or more severe action by the grant making component or pass-through entity;

- Disallow all or part of the cost of activities or actions not in compliance;

- Wholly or partly suspend or terminate the Federal award;

- Initiate suspension or debarment proceedings as authorized under 2 C.F.R. § 180 and DOJ's implementing regulations at 2 C.F.R. § 2867 (or in the case of a pass-through entity, recommend such a proceeding be initiated by the grant-making component);

- Designate the award recipient as a high-risk recipient under the DOJ high-risk policy;

- Withhold future awards for the project or program; or

- Take other remedies that may be legally available. Termination A Federal award may be terminated in whole or in part as follows:

- By the DOJ awarding agency or pass-through entity for failure to comply with the terms and conditions of an award;

- By the DOJ grant-making component or pass-through entity for cause;

- By the DOJ grant-making component or pass-through entity with consent of the recipient, in which case the two parties must agree upon termination conditions, including the effective date, and in the case of partial termination, the portion to be terminated; or

- By the recipient upon sending the DOJ grant-making component or pass-through entity written notification including the reasons for such termination, the effective date, and in the case of partial termination, the portion to be terminated. However, if the DOJ grant-making component determines that partial termination of the award will not accomplish the purposes for which the award was made, then DOJ may terminate the award in its entirety. The grant-making component or pass-through entity will provide the grant-making or sub-recipient with notice of termination. If the award is terminated for failure to comply with the statutes, regulations, or terms and conditions of the award, the notification must state that the termination decision may be considered in evaluating future applications received from the non-Federal entity. When an award is terminated or partially terminated, the grant-making component or pass-through entity and the recipient or sub-recipient remain responsible for compliance with the requirements in 2 C.F.R. § 200.343 (Closeout) and 2 C.F.R. § 200.344 (Post-closeout adjustments and continuing responsibilities).

### Argument:

Clearly when congress enacted the 11th Amendment their intent was to assure the government agencies were following the federal laws and respecting peoples civil rights. Agencies who violate these Federal Laws, do not qualify for Federal funding and the funding should be withheld until the State of Kansas, in compliances and with the "Administrative Procedures Act" and Neighbors, civil claim settled. Neighbors, is also, requesting a complete criminal investigation is into the government actions that are the result of this restraining order and or civil claim. The State of Kansas, employees violated Federal Law when they violated the Administrative Procedures Act, and Neighbors should be compensated for his damages.

Neighbors, is demanding the court appoint an "Administrative Judge" to hear this restraining order and make a ruling on the issues contained here within. This court violated the administrative procedures act in the beginning of these cases when the clerk of the court forced Neighbors to sign a document agreeing to be held to the same strict standard as a licensed attorney. Neighbors, was told by the clerk that if he did not sign the documents the judge would not even look at his claim. This court has violated Neighbors, right to "Due Process" by forcing him to jump through procedural obstacles as a licensed attorney.

The "ADMINISTRATIVE PROCEDURES ACT AT 5 USC §551 et seq. (1946) States:

"Non-legislative rules" such as guidance, guidelines, agency staff manuals, staff instructions, opinion letters, and press releases are called "statements of policy" or "guidance." (The two terms are not synonyms, only closely correlated: statements of policy are almost always issued in documents classified as guidance, and guidance documents to the public often include statements of policy.) Guidance and statements of policy are not legally binding on the public because they have not gone through the required procedures to become "legislative" regulations binding on the public (depending on the rule, hearing, notice, comment, publication). However, when stated in mandatory language, they can bind the agency itself. They have only hortatory effect on the public, and those affected can challenge the agency's right to enforce the policy statement or guidance.

Summary:

This court is unlawfully holding Neighbors, to the same standard as a licensed attorney and violating Neighbors, right to "Due Process" by forcing him to follow the corporations guidance and statements of policy that are not legally binding on him or the public because they have not gone through the required procedures to become "legislative" regulations binding on the public. Judicial review of agencies of the United States federal government, for abuse of discretion, is authorized by the U.S. Administrative Procedures Act.

Neighbors, is requesting Federal Funding for the State of Kansas be withheld pending his 3 civil rights claims against the State of Kansas, and the State's compliance with the administrative procedures act.

_____ 7/6/2016
Guy Neighbors

Without Prejudice UCC 1-308

## Certificate of Service

A copy of this document was mailed to the clerk of the courts where the action was filed and also mailed to the U.S. Court of Appeals for the 10 circuit, and also a copy was mailed to the parties and the agency listed below.

| | |
|---|---|
| Kansas Attorney General | Craig Blumreich |
| 120 SW. 10th ave. #2 | 5601 SW. Barrington Ct South |
| Topeka, Kansas 66612 | Topeka, Kansas 66604 |

Director: Michael Alston:

Office of Justice Programs
U.S. Department of Justice
810 Seventh Street NW
Washington, DC 20531
Phone: 202-514-200

## VERIFICATION:

I' Guy Neighbors, declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

_____ on this _____th Day, of 7-7-16 _____, 2016
Guy Neighbors

On this _____ day of _____, 2016 before me, the undersigned, a Notary Public in and for State of Kansas, personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that s/he has Executed the same.

Signed:_____ The Notorized Copy is on the Way Via

Printed Name:_____ USPS

My Commission Expires:_____

Date:_____ Common Law Seal:_____



RECEIVED

JUL 11 2016

CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Federal Court house
444 SE. Quincy St #490
Topeka KS 66683

66683-351015