IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GUY MADISON NEIGHBORS,**

    Plaintiff,

v.

**STATE OF KANSAS, et al.**,

    Defendants.

Case No. 16-cv-04023-DDC-KGS

## MEMORANDUM AND ORDER

Pro se plaintiff Guy Neighbors[1] brought this action against seven defendants: the State of Kansas; three Assistant United States Attorneys—Marietta Parker, Terra Morehead, and Christopher Oakley; David Nitz, a postal inspector; Robert Jackson, an IRS agent;[2] and a postal inspector whose last name is Osborne but whose first name is, it seems, unknown. Plaintiff's Complaint asserts that defendants, either individually or through a conspiracy, deprived him of various rights guaranteed by the Constitution of the United States. Specifically, the court understands plaintiff's Complaint to assert causes of action under 42 U.S.C. § 1985 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). All of plaintiff's causes of action arise from four federal criminal cases in which he was named as a defendant.

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] Plaintiff's Complaint references Mr. Jackson initially as "Ron Jackson," but later references him as "Robert Jackson." Doc. 1 at 1, 6, 19. The record reveals that Mr. Jackson's first name is, in fact, Robert. Doc. 79 at 1 n.2.

1

This matter comes before the court on four motions:

1. Motion to Dismiss by defendant State of Kansas (Doc. 14)
2. Motion to Dismiss Chris Oakley by plaintiff (Doc. 52)
3. Motion to Dismiss by defendant Christopher Oakley (Doc. 77)
4. Motion for Temporary Restraining Order by plaintiff (Doc. 24)

For reasons explained below, the court grants plaintiff's Motion to Dismiss as well as the State of Kansas's Motion to Dismiss. But it denies Mr. Oakley's Motion to Dismiss and plaintiff's Motion for Temporary Restraining Order.

## I.     State of Kansas's Motion to Dismiss

Defendant State of Kansas ("the State") contends that Federal Rule of Civil Procedure 12(b)(1) requires dismissal of plaintiff's claims against it. The State invokes Rule 12(b)(1) because, it contends, the court lacks subject matter jurisdiction to hear plaintiff's claims against it.

### A.     Rule 12(b)(1) Motion to Dismiss Standard

The court must dismiss any case that it lacks subject matter jurisdiction to hear. Fed. R. Civ. P. 12(h)(3). The court must do so because "[a] court lacking jurisdiction cannot render judgment." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962)). The party who invokes the court's jurisdiction bears the burden to establish that it exists. *Id.* Here, that party is plaintiff.

Because the State attacks the Complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt*, 46 F.3d at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

### B.     Eleventh Amendment Immunity

The Motion to Dismiss asserts that the Eleventh Amendment bars plaintiff's claims against the State because it is immune from suit in federal court.

The Eleventh Amendment grants immunity that "accord[s] states the respect owed them as joint sovereigns," and "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Eleventh Amendment immunity protects states and entities who are arms of the state. *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). As with many legal principles, some exceptions to this immunity exist. For instance, federal suits against state-government officials can proceed when the plaintiff only seeks prospective relief for an ongoing violation of rights, *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002), and the relief sought is not premised on state law, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Here, plaintiff sues the State of Kansas itself. The State thus is immune from suit unless some exception to its Eleventh Amendment immunity applies.

No exception applies here because plaintiff has sued the State of Kansas, and not an official of the State of Kansas. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (D. Kan. 1998) ("[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ."); *Smith v. Kansas*, 574 F. Supp. 2d 1217, 1219 (D. Kan. 2008) (holding that the *Ex Parte Young* doctrine allows some suits against state officials, but "does not permit suits against the State itself" (citing *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007))). The Eleventh Amendment bars plaintiff's claims against the State and the court thus grants the State's Motion to Dismiss.

## II.     Plaintiff's Motion to Dismiss Defendant Christopher Oakley

Because plaintiff voluntarily moved to dismiss Mr. Oakley as a defendant before Mr. Oakley responded to plaintiff's Complaint, the court grants plaintiff's Motion to Dismiss Chris Oakley (Doc. 52). Fed. R. Civ. P. 41(a)(1). Because the court grants this motion, the court denies Mr. Oakley's Motion to Dismiss (Doc. 77) as moot. Mr. Oakley is no longer a party to this case.

## III.    Plaintiff's Motion for Temporary Restraining Order

Last, plaintiff's Motion for Temporary Restraining Order asks the court to issue an injunction blocking the State of Kansas from receiving federal funding due to the State's violation of plaintiff's federal civil rights. Doc. 24 at 1. But the court already has dismissed the State of Kansas from this case. *See supra* Part I.B. The court thus denies plaintiff's Motion for Temporary Restraining Order as moot.

**IT IS THEREFORE ORDERED THAT** defendant State of Kansas's Motion to Dismiss (Doc. 14) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Dismiss Chris Oakley (Doc. 52) is granted and defendant Christopher Oakley's Motion to Dismiss (Doc. 77) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Temporary Restraining Order (Doc. 24) is denied as moot.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2017, at Topeka, Kansas.

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**